UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JUSTIN MARTIN,<br><br>                                      Plaintiff,<br><br>                  - against -<br><br>THE CITY OF NEW YORK, P.O. GERARDO URBAEZ, Tax Registry No. 947561, individually and in his; official capacity, and POLICE OFFICERS "JOHN DOE" 1 through 5, individually and in their official capacities (the name "John Doe" being fictitious as the true names are not presently known),<br><br>                                    Defendants. | Civil Action No:<br><br>**VERIFIED COMPLAINT**<br><br>Jury Trial Demanded<br><br>ECF CASE |

Plaintiff, JUSTIN MARTIN, by his attorneys, OKUN, ODDO & BABAT, P.C., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

### JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, JUSTIN MARTIN, is, and has been, at all relevant times, a resident of the County of the New York, City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants, P.O. GERARDO URBAEZ, Tax Registry No. 947561, individually and in his; official capacity, and POLICE OFFICERS "JOHN DOE" 1 through 5, individually and in their official capacities (the name "John Doe" being fictitious as the true names are not presently known), were duly sworn law enforcement officers of said departments and were acting under the supervision of said departments and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On August 11, 2013, at approximately 1:30 a.m., plaintiff, JUSTIN MARTIN, resided at the premises located at 468 West 146th Street, Apt. 1A, New York, New York 10031.

14. On August 11, 2013, at approximately 1:30 a.m., defendants, P.O. GERARDO

URBAEZ, Tax Registry No. 947561, individually and in his; official capacity, and POLICE OFFICERS "JOHN DOE" 1 through 5, individually and in their official capacities members of the New York City Police Department, dressed in uniform, broke the lock and entered the home of plaintiff, located at 468 West 146th Street, Apt. 1A, New York, New York 10031, without a warrant.

15. If defendants did have a search warrant for plaintiffs' dwelling, it was issued upon the basis of extremely unreliable information, and the police did not follow NYPD policies and procedures in obtaining and executing such a warrant.

16. At that time and place, the individually named defendant officers approached the plaintiff, JUSTIN MARTIN, and placed him under arrest.

17. At and/or about that time and place, the individually named defendant officers handcuffed the plaintiff, JUSTIN MARTIN's arms tightly behind his back.

18. At that time and place, the individually named defendant officers searched the plaintiff, JUSTIN MARTIN.

19. At that time and place, the individually named defendant officers searched the plaintiff, JUSTIN MARTIN's home.

20. Thereafter, the plaintiff, JUSTIN MARTIN, was transferred to a nearby police precinct.

21. At no time on August 11, 2013 did plaintiff commit any crime or violation of law.

22. At no time on August 11, 2013 did defendants possess probable cause to arrest plaintiff.

23. At no time on August 11, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

24. In connection with his arrest, the defendants filled out false and/or misleading police reports.

25. As a result of the defendants' conduct, the plaintiff was given a summons for disorderly conduct.

26. As a direct result of his unlawful arrest and the unlawful acts of the defendants,

plaintiff spent approximately seven (7) hours in custody.

27. Despite defendants actions, all charges against plaintiff, JUSTIN MARTIN, were dismissed on October 11, 2013.

28. As a result of the foregoing, plaintiff, JUSTIN MARTIN sustained, *inter alia*, physical injury, physical pain, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates, and realleges each and ever allegation contained in paragraphs numbered 1 through 28 with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff, JUSTIN MARTIN, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said departments.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF FOR FALSE ARREST UNDER 42 U.S.C. § 1983

35. Plaintiff, JUSTIN MARTIN, repeats, reiterates and realleges each and every

allegation contained in paragraphs numbered 1 through 34 with the same force and effect as if fully set forth herein.

36. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege or consent.

37. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he sustained, *inter alia*, physical injury, physical pain, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### THIRD CLAIM FOR RELIEF FOR UNLAWFUL AND UNREASONABLE SEARCH UNDER 42 U.S.C. § 1983

38. Plaintiff, JUSTIN MARTIN repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 37 as if the same were more fully set forth at length herein.

39. As a result of the foregoing, plaintiff was subject to unreasonable and intrusive search of his person that shocks the conscience and are in violation of the plaintiff's rights set for in the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

40. As a result of the aforementioned conduct by defendants, plaintiff's body was illegally, improperly and unreasonably searched without a valid warrant, probable cause, privilege or consent in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

### FOURTH CLAIM FOR RELIEF FOR UNLAWFUL AND UNREASONABLE SEARCH UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 40 as if the same were more fully set forth at length herein.

42. As a result of the foregoing, plaintiff was subject to unreasonable and intrusive search of his home that shocks the conscience and are in violation of the plaintiff's rights set for in the Fourth and Fourteenth Amendments to the Constitution of the United States.

43. As a result of the aforementioned conduct by defendants, plaintiff's home was

illegally, improperly and unreasonably searched without a valid warrant, a legally obtained warrant, probable cause, privilege or consent in violation of their constitutional rights as set forth in the Fourth and Fourteenth Amendments to the Constitution of the United States.

### FIFTH CLAIM FOR RELIEF FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

44. Plaintiff, JUSTIN MARTIN, repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 43 as if the same were more fully set forth at length herein.

45. Defendants arrested and incarcerated plaintiff, JUSTIN MARTIN, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said departments.

48. The aforesaid customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii. arresting individuals regardless of probable cause in order to cover-up police misconduct

   iii. falsifying evidence and testimony to support those arrests;

   iv. falsifying evidence and testimony to cover-up police misconduct.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department led directly to officers of those institutions

expressing deliberate indifference to the safety, well-being and constitutional rights of plaintiff, JUSTIN MARTIN.

50. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

52. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

53. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was incarcerated unlawfully.

54. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

55. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

56. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the rights:

    i. not to be deprived of liberty without due process of law;

    ii. to be free from seizure and arrest not based upon probable cause;

    iii. to be free from unwarranted and malicious criminal prosecution;

    iv. not to have excessive force exerted upon him; and

    v. to be afforded a fair trial.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

    i.      an order awarding compensatory damages in an amount to be determined at trial;

    ii.     an order awarding punitive damages in an amount to be determined at trial;

    iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

    iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
December 6, 2013

                                              OKUN, ODDO & BABAT, P.C.

                                  By: _____
                                        Adam D. Polo, Esq. (ADP-8912)
                                        Attorneys for Plaintiff
                                        8 West 38th Street, 10th Fl.
                                        New York, New York 10018
                                        (212) 642-0950
                                        File: 9963

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN MARTIN,<br><br>                                      Plaintiff,<br><br>- against -<br><br>THE CITY OF NEW YORK, P.O. GERARDO URBAEZ, Tax Registry No. 947561, individually and in his official capacity, and POLICE OFFICERS "JOHN DOE" 1 through 5, individually and in their official capacities (the name "John Doe" being fictitious as the true names are not presently known),<br><br>                                      Defendants. | Civil Action No:<br><br>**PLAINTIFF'S VERIFICATION** |

STATE OF NEW YORK    }
COUNTY OF NEW YORK  }  ss.:

      JUSTIN MARTIN, being duly sworn, deposes and states:

1.    I am the plaintiff in the within action and have read the foregoing COMPLAINT.

2.    I know the contents thereof; the same is true to the best of my knowledge, except as to matters alleged upon information and belief, and as to those matters, I believe them to be true.

                                                                     JUSTIN MARTIN

Sworn to before me this
6 day of December, 2013

_____
NOTARY PUBLIC

ADAM POLO
Notary Public, State of New York
No. 02PO5066408
Qualified in Westchester County
Commission Expires April 10, 2015

OKUN ODDO & BABAT, P.C.

Index No:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN MARTIN,

                Plaintiff,

- against -

THE CITY OF NEW YORK, P.O. GERARDO URBAEZ, Tax Registry No. 947561, individually and in his; official capacity, and POLICE OFFICERS "JOHN DOE" 1 through 5, individually and in their official capacities (the name "John Doe" being fictitious as the true names are not presently known),

                Defendants.

**SUMMONS and VERIFIED COMPLAINT**

OKUN ODDO & BABAT, P.C.
Attorneys for Plaintiff(s)
8 West 38th Street - Suite 1002
New York, N.Y. 10018
(212) 642-0950